## MIDLAND SAVINGS & LOAN CO. v. EVANS et al.

No. 5815—Opinion Filed March 12, 1918.

(171 Pac. 726.)

**Building and Loan Associations — Contracts —Powers — Loan of Money—Premium— Stipulation as to Law Governing.**

Paragraphs 1, 2, and 3 in the case of Midland Savings & Loan Co. v. Henderson et al., 47 Okla. 693, 150 Pac. p. 868, L. R. A. 1916D, 745, are adopted as the syllabus in this case.

(Syllabus by Pope, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by the Midland Savings & Loan Company against Elias Evans and others. Demurrer to plaintiff's evidence sustained, and it brings error. Reversed and remanded.

A. J. Bryant, Sam K. Sullivan, and H. S. Burke, for plaintiff in error.

W. K. Moore, for defendants in error.

Opinion by POPE, C. This action was commenced on the 28th day of May, 1907, by the plaintiff in error in the district court of Kay county, Okla. The cause was tried to the court, and after the plaintiff had closed its case the defendant interposed a demurrer to the evidence on the ground that the evidence of plaintiff offered in this cause does not prove, or tend to prove, a cause of action in favor of plaintiff and against the defendant, which motion was by the court sustained. To which ruling of the court the plaintiff in error excepted.

The evidence adduced by the plaintiff at the trial tended to show that the plaintiff

in error, the Midland Savings & Loan Company is a building and loan association incorporated under the laws of the state of Colorado, with its home office at Denver, Colo., and that defendant Maggie Evans, on the 1st day of April, 1901, became the owner and purchaser of 30 shares of capital stock of plaintiff corporation, and agreed to pay therefor in 144 monthly payments of $8.70 each, and thereafter on June 5, 1901, the said Maggie Evans made a written application to the plaintiff company at its home office in Denver for a loan of $700, and on said date the defendants Elias Evans and Maggie Evans gave to the plaintiff a first mortgage bond or note, whereby they agreed to pay the plaintiff the principal sum of $700 to be paid in monthly installments of $15.70, of which sum $8.70 is the monthly installment or payment on said shares of stock, $4.37 is the monthly interest on the loan, and the remaining $2.63 is the monthly premium, and also agreed to pay such fines as may accrue upon said stock, interest, and premium according to the by-laws of the company. On the same day and date Elias Evans and Maggie Evans made and executed a real estate mortgage on certain real estate in Kay county, Okla., and an assignment of said stock to the association to secure the payment of said note, which provided for the payment of $70 attorney's fee in case suit was brought to foreclose the same.

The testimony further shows that Maggie Evans on the 3d day of September, 1901, became the purchaser of 20 shares of the capital stock of the plaintiff company, to be paid for in a similar manner as the shares above mentioned, and that on said date the defendant made an application to the company in Denver, Colo., for a further loan of $400, and executed a bond and a second mortgage on the same property as was given to secure the first loan, and containing provisions similar to those set forth in the first mortgage, also further securing the payment of said note by assigning the shares of stock above referred to as collateral security. The evidence further tended to show, that at the time of the commencement of the suit on May 28, 1907, there was due and unpaid, including an attorney's fee of $70, and after allowing the withdrawal value of the stock and all other just credits and set-offs, the sum of $455.45, with interest from May 1, 1907, at 7½ per cent. per annum, and there was due on the $400 note, including the sum of $50 attorney's fee stipulated for, and after allowing the withdrawal value of the stock and all other just credits, the sum of $300.58, to draw

interest from May 1, 1907, at 7½ per cent. per annum, the total amount due on both notes being $823.03.

The evidence further tended to show that the defendants had made certain monthly payments, which were credited to the interest premium, and to stock account as provided for in said note, and that the defendants had been given due credit for these amounts. Plaintiff pleaded chapter 33, Laws of Colorado 1897, pertaining to the rights and powers of building and loan associations.

It is contended by the defendants that, under the evidence, the contract entered into between the said parties should have been construed by the laws of the state of Oklahoma and not the laws of Colorado; that under section 1490 of the Compiled Laws of 1909, in force at the time in this state, the plaintiff was required to submit its loan to competitive bids of its stockholders, which the plaintiff did not do, and that the loan therefore became and was a straight loan of money from the plaintiff to the defendant; and that the defendant was not bound under the by-laws of the company and laws of the state of Colorado to all the penalties, forfeitures, and payment of stock as is provided for in their by-laws. We deem it unnecessary to discuss this question at length, because this case comes clearly within the rule laid down by this court in the case of Midland Savings & Loan Co. v. Henderson et al., 47 Okla. 693, 150 Pac. 868, L. R. A. 1916D, 745. In that case the court discussed the question very thoroughly, and we deem it unnecessary to restate the rule here.

We are therefore of the opinion that the trial court erred in sustaining the demurrer to plaintiff's evidence.

Reversed and remanded.

By the Court: It is so ordered.